UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANET RUTH WRIGHT, | ) | CASE NO.: 1:12CV1103 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff Janet R. Wright's Objections to the Magistrate Judge's Report and Recommendation (R&R). This action was referred to Magistrate Judge James R. Knepp II for a Report on the decision of the Administrative Law Judge (ALJ) to deny Plaintiff's claim for disability insurance benefits (DIB). The Magistrate Judge has recommended that the Commissioner's decision denying DIB to the Plaintiff be affirmed. Plaintiff timely objected to the R&R.

When a magistrate judge submits an R&R, this Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 42 U.S.C. § 1381(c)(3). This court's review of the ALJ's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the ALJ's findings. *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 306 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, the decision must be affirmed even if a reviewing court would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058,

1059 (6th Cir. 1983).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a 'zone of choice' within which the decision makers can go either way, without interference from the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.*  However, in determining whether substantial evidence supports the ALJ's findings, the Court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether the proper legal standards were employed.  *Queen City Home Health Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for an ALJ to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  This inability to engage in substantial gainful activity encompasses both plaintiff's past employment and any other work existing in significant quantity in the economy.  42 U.S.C. § 423(d)(2)(A).

Plaintiff's only objection to the R&R concerns the ALJ's residual functional capacity finding. Plaintiff argues that the Magistrate Judge erred by finding that the ALJ's explanation supporting the residual functional capacity (RFC) finding with respect to her mental limitations

was reasonable. Specifically, Plaintiff states that the ALJ arbitrarily excluded a 30-day training period from her RFC without support from the record.

>The ALJ found that Plaintiff had the following RFC:

>to perform light work . . . except the claimant: can walk continuously for 5 minutes at a time, up to 6 hours in an 8-hour workday; can frequently stoop, crouch, and crawl; and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. In addition, the claimant maintains the capacity to perform simple, routine tasks in a relatively static work environment that is limited to superficial interactions with others, except during a 30-day training period which would require more than superficial contact with a supervisor.

Plaintiff argues that the ALJ pointed to nothing in the psychiatric record that supports that her anxiety would be any less during a training period for a new job. Plaintiff argues that the ALJ "inserted the exception for training periods in response to the vocational expert's testimony that the training period for the one cited occupation would require more than superficial interaction with supervisors[.]" Doc. 22-1.

>This Court has considered Plaintiff's objections to the Magistrate Judge's R&R and has conducted a *de novo* review of the record. This Court concludes that the Magistrate Judge was correct in determining that the ALJ's finding was reasonably supported by the evidence in the record.

>The ALJ did not err by including the 30-day training exception in Plaintiff's RFC determination. When the ALJ initially posed the hypothetical question in which an individual had certain physical limitations and was limited to superficial interactions with others, the vocational expert ("VE") testified that the hypothetical individual could transition to certain employment, including that of a cafeteria attendant. The hypothetical did not reference a training period at all and the VE expressly testified that the individual would be able to perform the position with Plaintiff's limitations.

During Plaintiff's cross examination of the VE, counsel attempted to distinguish the job's training period from the time spent in the actual work environment.  Defense counsel attempted to show that Plaintiff cannot perform the suggested job of a cafeteria attendant because such a job requires a training period and that during that training period, more than superficial contact with others would be required. The VE acknowledged that a training period could require more than superficial contact with others, but did not, however, alter the opinion that the hypothetical claimant could perform the job as a cafeteria attendant. After the cross examination, the ALJ then followed up with additional questions in order to clarify the VE's responses.  These questions included the training period exception discussed above. As described, the VE consistently found that Plaintiff could perform as a cafeteria attendant, regardless of any training period.  As such, there was no prejudicial error in including this exception in the RFC.

It should be noted that under Plaintiff's theory, every single time an individual is limited to superficial interactions with others, the result would require an ALJ to determine that the claimant is entitled to benefits since training for a job necessarily involves more than superficial interaction with others.   Such a result is untenable.

The Court finds that the ALJ's residual functional capacity finding is consistent with the record. The VE explicitly stated that Plaintiff could perform a job requiring only superficial interactions with others, such as a cafeteria attendant. Accordingly, the Court hereby adopts in its entirety the Magistrate Judge's Report and Recommendation.  The ALJ's decision is hereby AFFIRMED.

IT IS SO ORDERED.

 \_\_\_July 24, 2013\_\_\_\_\_          \_\_\_/s/ John R. Adams_____
 DATE                                                    JUDGE JOHN R. ADAMS
                                                         UNITED STATES DISTRICT COURT